UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                    -v.-<br><br>YELTSIN BELTRAN,<br><br>                              Defendant. | 21 Cr. 17-2 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

The Court has received Defendant Yeltsin Beltran's motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, and in the alternative for a new trial pursuant to Federal Rule of Criminal Procedure 33 ("Def. Br." (Dkt. # 264)), as well as the Government's opposition submission ("Gov't Opp." (Dkt. #271)).  The Court has reviewed these submissions along with the trial record.  For the reasons set forth in the remainder of this Order, the Court finds that Mr. Beltran has not satisfied his heavy burden of demonstrating entitlement to relief under either rule.

Federal Rule of Criminal Procedure 29 provides, in part, that "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal."  Fed. R. Crim. P. 29(c)(2).  A district court may enter a judgment of acquittal under Rule 29 "only if, after viewing the evidence in the light most favorable to the prosecution and drawing all reasonable inferences in the government's favor, it concludes no rational trier of fact could have found the defendant guilty beyond a reasonable doubt."  *United States* v. *Reyes*, 302 F.3d 48, 52 (2d Cir. 2002); *see also United States* v. *Anderson*, 747 F.3d 51, 60 (2d Cir. 2014).  In other words, the "evidence that the defendant committed the

crime alleged [must be] nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt" for a court to acquit. *United States* v. *Guadagna*, 183 F.3d 122, 130 (2d Cir. 1999) (citation omitted).

When making this determination, a court cannot usurp the role of the jury, nor can it "substitute its own determination of ... the weight of the evidence and the reasonable inferences to be drawn for that of the jury." *Guadagna*, 183 F.3d at 129 (quoting *United States* v. *Mariani*, 725 F.2d 862, 865 (2d Cir. 1984)); *accord United States* v. *Jabar*, 19 F.4th 66, 76 (2d Cir. 2021). The court must "consider the evidence in its totality, not in isolation, and the government need not negate every theory of innocence." *United States* v. *Autuori*, 212 F.3d 105, 114 (2d Cir. 2000). If "the court concludes that either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [the court] must let the jury decide the matter." *Id.* (alteration in original) (citations omitted); *accord United States* v. *Aquart*, 912 F.3d 1, 44 (2d Cir. 2018); *United States* v. *MacPherson*, 424 F.3d 183, 190 (2d Cir. 2005).

For substantially the reasons provided by the Government in its opposition (*see* Gov't Opp. 4-16), the Court denies Mr. Beltran's motion for an acquittal. The Government presented sufficient evidence to support each element of each count of which Mr. Beltran was convicted. Responding to Mr. Beltran's specific Rule 29 arguments, the Court observes that the Government presented abundant evidence at trial of the existence of (and Mr. Beltran's significant involvement in) a racketeering conspiracy — the Young Bronx

Money Getters ("YBMG") — that engaged in narcotics trafficking and acts of violence and threatened violence during the time period charged in the operative indictment.¹ By contrast, Mr. Beltran's concerns about multiple conspiracies (Def. Br. 8-9) are misplaced, as only one conspiracy was alleged and proved in this case. *See United States* v. *Scales*, No. 19 Cr. 96 (JSR), 2022 WL 673258, at *8 (S.D.N.Y. Mar. 7, 2022) ("A multiple conspiracies instruction is chiefly intended to mitigate the risks of spill-over prejudice from evidence admitted against improperly joined co-defendants or others who were not part

---

1   Relatedly, the Court rejects Mr. Beltran's suggestion that the Government presented insufficient evidence to distinguish YMBG from "any mine-run narcotics conspiracy." (Def. Br. 5). As made clear by the Supreme Court:

> We see no basis in the language of RICO for the structural requirements that petitioner asks us to recognize. As we said in [*United States* v. *Turkette*, 452 U.S. 576, 583 (1981)], an association-in-fact enterprise is simply a continuing unit that functions with a common purpose. Such a group need not have a hierarchical structure or a "chain of command"; decisions may be made on an *ad hoc* basis and by any number of methods — by majority vote, consensus, a show of strength, etc. Members of the group need not have fixed roles; different members may perform different roles at different times. The group need not have a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies. While the group must function as a continuing unit and remain in existence long enough to pursue a course of conduct, nothing in RICO exempts an enterprise whose associates engage in spurts of activity punctuated by periods of quiescence. Nor is the statute limited to groups whose crimes are sophisticated, diverse, complex, or unique; for example, a group that does nothing but engage in extortion through old-fashioned, unsophisticated, and brutal means may fall squarely within the statute's reach.

*Boyle* v. *United States*, 556 U.S. 938, 948 (2009); *see also United States* v. *Raniere*, No. 20-3520-cr, 2022 WL 17544087, at *4 (2d Cir. Dec. 9, 2022) (rejecting arguments concerning the informality of the charged enterprise's activities), *cert. denied*, 143 S. Ct. 1756 (2023); *United States* v. *Eppolito*, 543 F.3d 25, 49 (2d Cir. 2008) ("An 'individuals associated in fact' enterprise, 18 U.S.C. § 1961(4), may continue to exist even though it undergoes changes in membership.").

of the defendant's conspiracy — risks not present in Scales's single-defendant trial."), *aff'd*, No. 21-3071, 2023 WL 8643279 (2d Cir. Dec. 14, 2023). Finally, as the Government notes (*see* Gov't Opp. 15-16), there were two separate evidentiary bases on which the jury could find that Mr. Beltran possessed a firearm in furtherance of the charged narcotics conspiracy, which firearm he later discharged, and thus two bases for his conviction on Count Three.

As noted, Mr. Beltran has also moved for a new trial under Rule 33, which provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court has "broad discretion ... to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." *United States* v. *Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992). The Second Circuit has cautioned, however, that district courts must "strike a balance between weighing the evidence and credibility of witnesses and not wholly usurping the role of the jury." *United States* v. *Ferguson*, 246 F.3d 129, 133 (2d Cir. 2001) (internal quotation marks omitted).

It is the jury's role to weigh the evidence and assess a witness's credibility, and a district court generally "must defer to the jury's resolution" of those issues. *United States* v. *Bell*, 584 F.3d 478, 483 (2d Cir. 2009) (per curiam) (quoting *Sanchez*, 969 F.2d at 1414). The reviewing court should "examine the entire case, take into account all facts and circumstances, and make an objective evaluation." *Id.* After doing so, "[t]here must be a real

4

concern that an innocent person may have been convicted" in order to grant the motion. *Sanchez*, 969 F.2d at 1414. The court's Rule 33 authority should be used "sparingly" and only in "the most extraordinary circumstances." *Id.*; *see also United States* v. *Archer*, 977 F.3d 181, 187 (2d Cir. 2020).

Mr. Beltran does not distinguish between his Rule 29 and Rule 33 arguments in his submission. To the extent he seeks a new trial based on the sufficiency of the evidence at trial, the Court rejects his arguments for the same reason it rejected his analogous Rule 29 arguments. *See United States* v. *Milton*, No. 21 Cr. 478 (ER), 2023 WL 5609098, at *6 (S.D.N.Y. Aug. 30, 2023) ("A new trial should not be granted when the court is satisfied that competent, satisfactory, and sufficient evidence in the record supports the jury verdict." (internal quotation marks and citations omitted)). A similar analysis compels denial of Mr. Beltran's new trial argument based on purported evidence of multiple conspiracies. *See supra* at 2-3. Finally, Mr. Beltran's argument that he was prejudiced by the introduction at trial of "evidence of large-scale drug distribution not involving Mr. Beltran" (Def. Br. 8). is belied by the record. To the extent Mr. Beltran was not personally involved in certain narcotics trafficking activities discussed at trial, he was a key member of the YBMG conspiracy through which (or for the benefit of which) these activities were conducted.

Having presided over the trial, the Court is confident that ample evidence supported the three counts of which Mr. Beltran was convicted. Indeed, the

5

care and attention with which the jury considered the evidence in this case is underscored by the split verdict it returned. For all of these reasons, the Court denies Mr. Beltran's motion for a judgment of acquittal or a new trial. The Clerk of Court is directed to terminate the motion at docket entry 264.

Sentencing in the matter is set for **April 4, 2024, at 3:00 p.m**. The Government is directed to transmit its factual statement to the Probation Office within the next week, and counsel for Mr. Beltran is directed to reach out to the Probation Office within the next two weeks to schedule a presentence interview. The defense sentencing submission is due on or before March 21, 2024; the Government sentencing submission is due on or before March 28, 2024.

SO ORDERED.

Dated: December 29, 2023
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge